# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No: |
| Plaintiff, | ) | 17-cr-00051 (PGS) |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| ROBERT ARELLANO, | ) | **AND** |
| ROBERT A. ELLIOT, SR., | ) | **ORDER** |
| JUSTIN LOVE, a/k/a "Jay" and | ) | |
| DAJWAN WARE, a/k/a "Juan", | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Defendant Dajwan Ware's pretrial motions (ECF No. 116), which are joined in support by co-Defendants Arellano, Elliot,[1] and Love. The Court limits its discussion to Defendant Ware's request for severance, since the remaining motions were withdrawn at oral argument. (ECF No. 142).

On June 1, 2016, Defendant Ware, an Indiana resident, was arrested for allegedly conspiring to transport, deliver, and receive a dog for purposes of having the dog participate in an animal fighting venture, contrary to 7 U.S.C. § 2156(b) and 18 U.S.C. § 49, and in violation of 18 U.S.C. § 371. As part of the purported conspiracy, Defendant Ware received a dog from Defendant Arellano on October 19, 2015 and later spoke with a co-conspirator in New Jersey about fighting his dog, "Bubbles," in a dog fight. Thereafter, on October 31, 2015, the co-conspirator transported Bubbles to Defendant Ware's Indiana residence for purposes of dog fighting. On June 15, 2017, Defendant Ware was named in a twenty-three count indictment and ultimately charged with one count of conspiring with three co-defendants and others to sponsor and exhibit dogs in animal

---

[1] Although Defendant Elliot joins in the motion, he did not appear telephonically for oral argument on the pretrial motions.

1

fighting ventures, and to sell, buy, possess, train, transport, deliver, and receive dogs for purposes of having the dogs participate in animal fighting ventures, contrary to 7 U.S.C. § 2156(a)(1) and 18 U.S.C. § 49.

In this present motion, Defendant Ware argues that severance is warranted because: (1) he was not properly joined under Federal Rule of Criminal Procedure 8; and (2) joinder would cause undue prejudice. The Court addresses each in turn.

Federal Rule of Criminal Procedure 8(b) permits the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). However, "[a]ll defendants need not be charged in each count." *Id.* "When distinct offenses have both a logical and temporal relationship, joinder permits the Government to present its evidence in an efficient manner. Such evidentiary overlap 'strongly counsels in favor of joinder.'" *United States v. Eisenberg*, 773 F. Supp. 662, 696 (D.N.J. 1991) (quoting *United States v. McDonnell*, 699 F. Supp. 1348, 1351 (N.D. Ill. 1988)). When the Rule 8 requirements have been met, there is a presumption in favor of joinder. *Id.*

However, Federal Rule of Criminal Procedure 14(a) "allows the court in its discretion to sever on the basis of prejudicial joinder of defendants or offenses." *United States v. Vastola*, 670 F. Supp. 1244, 1261 (D.N.J. 1987); *see also United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981) ("Motions for severance rest in the sound discretion of the trial judge."). "Defendants bear a heavy burden when they move for severance under Rule 14." *Eisenberg*, 773 F. Supp. at 697. "Mere allegations of prejudice are insufficient to meet this burden. Defendants must 'demonstrate clear and substantial prejudice.'" *Id.* (quoting *United States v. Gorecki*, 813 F.2d 40, 43 (3d Cir. 1987)). "Of primary concern in considering a motion for severance is 'whether the

jury can reasonably be expected to compartmentalize the evidence,' as it relates to each count by following the instructions of the trial court." *Reicherter*, 647 F.2d at 400 (quoting *United States v. DeLarosa*, 450 F.2d 1057, 1065 (3d Cir. 1971)).

First, Defendant Ware contends that joinder is improper since "the offenses charged are merely of the same or of a similar character." (Def's Motion at 3). However, "[t]he mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series or acts or transactions constituting an offense." *United States v. Irizarry*, 341 F.3d 273, 289 n.5 (3d Cir. 2003) (quoting *United States v. Friedman*, 854 F.2d 535, 561 (2nd Cir. 1988)). Moreover, "[j]oinder . . . of a conspiracy count and substantive counts arising out of the conspiracy [is permitted], *since the claim of conspiracy provides a common link*, and demonstrates the existence of a common scheme or plan." *United States v. Eufrasio*, 935 F.2d 553, 567 (3d Cir. 1991) (quoting *United States v. Somers*, 496 F.2d 723, 729-30 (3d Cir. 1974) (emphasis in original)). Here, given that the superseding indictment charges all defendants, including Defendant Ware, of conspiracy to engage in dog fighting ventures and since the additional substantive counts against the other defendants arise out of the conspiracy to engage in dog fighting, joinder is proper under Rule 8.

Second, Defendant Ware contends that undue prejudice requires severance. Specifically, Defendant Ware argues that "[b]y lumping him together with his co-defendants who reside in New Mexico and New Jersey unfairly paints a picture of an individual who is involved in a nation-wide dog fighting ring." (Def's Motion at 6). However, "[t]he introduction of evidence more damaging to one defendant than another does not entitle the seemingly less culpable defendant to a severance." *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992) (citing *United States v. Rocha*, 916 F.2d 219, 228-29 (5th Cir. 1990)). Alternatively, Defendant Ware argues that

3

severance is warranted since the jury is incapable of compartmentalizing his charge against the substantive charges of the co-defendants. (Def's Motion at 7). The Court disagrees. It is well-settled that the potential prejudice from joinder of multiple counts can be cured with proper jury instructions. *See Zafiro v. United States*, 506 U.S. 534, 540-41 (1993); *see also United States v. Mathis*, 568 F. App'x 149, 153 (3d Cir. 2014) ("any potential prejudice from the joinder of multiple counts can be minimized by instructing the jury that each count charged is a separate offense and thus should be considered independently"). Here, with proper instructions, the jury is capable of considering Defendant Ware's charge separate from the additional substantive charges of the co-defendants. As such, the Court finds that Defendant Ware has failed to meet his burden of demonstrating undue prejudice warranting severance at this juncture; however, Defendant Ware may re-apply if discovery uncovers new issues.

## ORDER

IT IS on this 14th day of February, 2018;

**ORDERED** that Defendant Ware's severance motion (ECF No. 116) is denied without prejudice.

PETER G. SHERIDAN, U.S.D.J.