# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAJWAN WARE.<br><br>*Defendant*. | Crim. Action No.: 17-cr-51 (PGS)<br><br>**MEMORANDUM<br>AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant Dajwan Ware's ("Defendant") motion for bail pending appeal. (ECF No. 316). For the reasons stated below, Defendant's motion is denied.

## I.

On October 16, 2018, Defendant was found guilty by a jury verdict of one count of conspiring to sell, buy, possess, train, transport, deliver, and receive dogs for purposes of having dogs participate in animal fighting ventures, contrary to 7 U.S.C. §§ 2156(a)(1), (b). (*See* Judgment, ECF No. 280; *see also* Moving Br. at 1, ECF No. 316). Judgment was entered against Defendant on May 30, 2019. (*Id.*).

Defendant's Presentence Report calculated a sentencing range of 8-14 months for the crime committed. (Moving Br. at 1). However, this Court determined at sentencing that an upward variance was appropriate after considering a number of factors, including but not limited to: the nature and circumstances of the offense; the history and characteristics of Defendant; the seriousness of the offense; the need to promote respect for the law; the Court's obligation to provide a just punishment; the need for deterrence; and the need to protect the public from further crimes of Defendant. (*See* Sentencing of Dajwan Ware Transcript ("Sentencing Tr.") at

22:21-25:6, ECF No. 296). Accordingly, the Court sentenced Defendant to 24 months' imprisonment. (*Id*. at 24:3-6; 25:3-6). Defendant was given until August 9, 2019 to surrender himself to the institution designated by the Bureau of Prisons. (*See* ECF No. 291).

On June 4, 2019, Defendant filed a notice of appeal to the Third Circuit, (ECF No. 281), and same was docketed on June 7, 2019, (ECF No. 283). Thereafter, Defendant's appeal was consolidated with two other co-defendants, Justin Love and Robert Elliott, and has been delayed. (Moving Br. at 1). Presently, Mr. Elliott has still not filed his opening appellate brief, and the government has not responded. (*Id*.).

As clarified at oral argument, in this motion, Defendant seeks bail pending appeal on two grounds: first, that Defendant is not a danger to the community; and second, that the Court's decision to impose an upward variance at sentencing is a substantial question of law on appeal. If Defendant is successful on appeal, his sentence can be reduced from 24 months to 8-14 months under the applicable sentencing guidelines range (offense level 10, criminal history category II). (*See* Moving Br. at 1-2, 4; Sentencing Tr. at 3:3-7, 17:14-22). Since Defendant has served approximately 8 months, Defendant contends that granting bail pending appeal may prevent an injustice.

## II.

Under the Bail Reform Act, 18 U.S.C. § 3143(b), the Court must order a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal, be detained unless I find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and that the appeal is not for the purpose of delay and raises a substantial question of law or fact . . . " 18 U.S.C. § 3143(b); *see also United States v. Elwell*, No. CRIM.A. 09-864 JLL, 2012 WL

2133650, at *2 (D.N.J. June 12, 2012).  The burden is on the defendant to satisfy the clear and convincing evidence standard.  *See United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985).

Here, Defendant has not met that burden.  In this case, Defendant committed a serious and inherently violent crime.  At sentencing, this Court found that an upward variance was appropriate based in part on the depraved, inhumane, and cruel nature of the crime committed.  (*See* Sentencing Tr. at 20:24-21:5, 24:3-14).  Nothing in Defendant's motion papers demonstrates by "clear and convincing evidence" that he no longer poses a danger to the community.

Further, Defendant has not submitted a "substantial question of law" raised on appeal.  § 3143(b)(B).  In order to grant bail pending appeal, a "court must determine that the question raised on appeal is a 'substantial' one, *i.e.* it must find that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful."  *Miller*, 753 F.2d at 23.  Here, Defendant's appeal objects to the Court's upward variance from the applicable sentencing guidelines range.  (Moving Br. at 3-4).  However, this Court's authority to impose an upward variance at sentencing is not "novel" or "fairly doubtful."  *Miller*, 753 F.2d at 23.  To the contrary, it is well-settled that a district court may exercise its discretion to impose an upward variance from the sentencing guidelines, where reasonable.  *See, e.g.*, *United States v. Dyke*, 788 F. App'x 875, 878 (3d Cir. 2019); *United States v. Andre*, 600 F. App'x 824, 827 (3d Cir. 2015); *United States v. Fisher,* 597 F. App'x 685, 688 (3d Cir. 2015).  In fact, there is a significant body of appellate case law that affirms upward variances in dog fighting cases.  *See, e.g., United States v. Courtland*, 642 F.3d 545, 552-54 (7th Cir. 2011); *United States v. Hargrove*, 701 F.3d 156, 163-65 (4th Cir. 2012).

In sum, Defendant has failed to demonstrate by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community if released; and that his appeal raises a substantial question of law or fact. § 3143(b). As such, Defendant's motion for bail pending appeal is denied.

## **O**RDER

**THIS MATTER** having come before the Court on a motion filed by Defendant Dajwan Ware ("Defendant") for bail pending appeal (ECF No. 316); and the Court having held oral argument on the motion on April 2, 2020; and the Court having considered the written submissions of the parties, as well as the arguments set forth orally; and for the reasons set forth in the accompanying Memorandum; and for good cause shown;

**IT IS** on this 3rd day of April 2020;

**ORDERED** that Defendant's motion for bail pending appeal (ECF No. 316) is **DENIED**.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.